ALVIS WILLIAMS *v.* H. P. POINTER.

APPEAL.    *County to Circuit Court.    Executor.*    An appeal lies from the
county to the circuit court from an order made upon a petition under
the Code, sec. 2225, requiring an executor, who is excused by the will
from giving bond, to give the usual administration bond.

FROM MAURY.

Appeal in error from the Circuit Court of Maury
county.    W. S. McLEMORE, J.

H. COOPER and GEO. FRIERSON for Williams.

BARNETT & HUGHES for Pointer.

COOPER, J., delivered the opinion of the court.

By the Code, sec. 2225, no administration bond
shall be required of an executor who is excused from
giving one in the will, unless some person interested
therein, by petition to the county court, suggest that

the executor is wasting, or is likely to waste, the estate of the testator. A copy of this petition must be served on the executor ten days before any motion is made for an order of court upon him to give the bond. Code, sec. 2226. And by sec. 2227 the order can only be made "upon satisfactory proof of the truth of the complaint." If the executor fail to comply with the order within three days, the court shall appoint an administrator of the estate, who shall give bond with surety, as executors are required to do.

By the will of M. L. Stockard, Alvis Williams was appointed executor and excused from giving bond, and after probate of the will he qualified without bond, and received letters testamentary. Within less than a month thereafter, H. P. Pointer filed his petition in the county court alleging that Williams was insolvent, and "likely to waste the assets" of the estate, and asking that he be required to give the usual administrator's bond. Such proceedings were had that the court found, upon proof heard, that Williams was insolvent and "likely to waste the assets," and required him to give bond within three days. Williams prayed an appeal to the circuit court, which was refused. At the expiration of the three days the county court appointed H. P. Pointer administrator, who gave bond and qualified according to law. Williams again prayed an appeal, and offered a proper appeal bond, but the court refused the prayer. He thereupon brought the proceedings into the circuit court by *certiorari.* Afterward his petition and writ were, upon the motion of Pointer, dismissed by the

circuit judge, and he prayed and obtained an appeal to this court. The appellee has now moved to dismiss this appeal, upon the ground that no appeal lies in such a case.

Either party, dissatisfied with the judgment or decree of the circuit court, has the right to have it revised by this court. Code, secs. 3155, 3172. The argument submitted on the present motion does not undertake to show that the judgment of the circuit court dismissing a *certiorari*, in lieu of an appeal, cannot be appealed from, but insists that the action of the county court was final, and its order not appealable. But that is the only point involved in the record, and to decide it is to determine the appeal on its merits. Strictly speaking, therefore, the motion cannot be entertained. The argument, however, calls upon the court to decide the point made, and the counsel for the appellant have not only argued the same point, but agreed that it might be decided. There can be no reason, under these circumstances, for delaying the final decision.

By the Code, sec. 3147, any person dissatisfied with the sentence, judgment, or decree of the county court, may pray an appeal to the circuit court, "unless it is otherwise expressly provided by the Code." And by sec. 3152, on appeal, "all jury cases in the county court shall be tried *de novo* in the circuit court; and all chancery cases, or proceedings in the nature of chancery cases, shall be reheard as if the proceedings had been commenced in the circuit court." All contests over the right to execute wills or administer estates, it has long been settled, are appealable. *Wright*

v. *Wright,* M. & Y., 43.   And if the prayer for an appeal be refused, the writ of *certiorari* is the proper remedy to bring up the case for review.   Const., art. 6, sec. 10; Code, secs. 3123, 3124; *Wilson* v. *Frazier,* 2 Hum., 30.   The proceeding, under the Code, sec. 2225, is directed to be by petition upon notice, and the order of the court is required to be made "upon satisfactory proof of the truth of the complaint." The effect of the order, if adverse to the executor, is to deprive him of a right under the will of the testator sanctioned by the statute and perfected by the letters granted.   The action of the court in determining the question of fact upon the proof is judicial, not ministerial.   There is no express provision of the Code that an appeal shall not lie in such a case.   It would seem necessarily to follow that the "sentence, judgment, or decree" of the court is one from which an appeal will lie.   And the "proceedings being in the nature of chancery cases," the rehearing is as if the proceedings had been commenced in the circuit court.   The only authority cited and relied on by the counsel of the appellee which is at all pertinent to the question raised, is *McClanahan* v. *McClanahan,* 12 Heis., 379, where it is held an appeal will not lie from the order of the county court appointing an administrator *pendente lite.*   But the reason for that decision is that the appointment of such an administrator is in the nature of the appointment of a receiver, and intended to protect the estate pending the litigation, an object which would be thwarted by allowing an appeal.

24—VOL. 3.

The judgment of the circuit court dismissing the *certiorari* must be reversed, and the cause remanded to that court for further proceedings. The appellee will pay the costs of this court.